UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIVERSIFIED INGREDIENTS, INC., | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-1935 RLW |
| | ) |
| v. | ) |
| | ) |
| JOSEPH W. TESTA, | ) |
| Ohio State Tax Commissioner, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Ohio Tax Commissioner's Motion to Dismiss (ECF No. 7). This matter is fully briefed and ready for disposition.

## BACKGROUND

The Complaint seeks a declaration that the State of Ohio has no jurisdiction to tax Diversified Ingredients, Inc. ("Diversified"), a Missouri corporation, regarding transactions with customers located outside Ohio for goods that are manufactured and shipped from suppliers outside of Ohio, under contracts negotiated and executed outside Ohio. (Complaint for Declaratory Judgment and Injunctive Relief ("Complaint" or "Compl."), ECF No. 1, ¶1).

Diversified brokers various commodities, including pet food ingredients. (Compl., ¶11). Diversified contracts with its customers who are located outside Ohio, sells them commodities that are typically ingredients used to manufacture and produce pet food, and ships the commodities through for-hire motor carriers to a destination in the United States as directed by Diversified's customer. (Compl., ¶11). Some destinations are customer manufacturing plants in the State of Ohio. (Compl., ¶11). Diversified challenges the Ohio Department of Taxation's

preliminary calculation of Diversified's obligations under the state's Commercial Activities Tax ("CAT"), Ohio Rev. Stat. §§5751.01-5751.99 (2015), of more than $560,000, which includes potential assessments for failing to pay CAT for the past eight years arising from third-party deliveries ordered by non-Ohio Customers. (Compl., ¶17). To date, the Ohio Department of Taxation has threatened to, but has yet to assess CAT liability against Diversified. (Compl., ¶17).

Diversified seeks injunctive relief against Defendant Joseph W. Testa ("Testa") in his official capacity as Ohio State Commissioner prohibiting him from further asserting jurisdiction over Diversified with respect to the transactions that have no actual relationship to the State of Ohio. (Compl., ¶2). Diversified alleges claims for Declaratory Judgment (Count I) and Injunctive Relief (Count II). Diversified claims that venue is proper "pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim for declaratory and injunctive relief (including Diversified's solicitation and execution of contracts for interstate sales and shipments of commodities delivered into Ohio) and a substantial part of property that is the subject of this action (gross receipts sought by Ohio) are located in this judicial district." (Compl., ¶6).

## DISCUSSION

### I. Subject-Matter Jurisdiction

Testa moved to dismiss under Fed. R. Civ. P. 12(b)(1) because this Court lacks subject matter jurisdiction over the issue of Ohio taxation. The Court holds that it lacks subject matter jurisdiction pursuant to the Tax Injunction Act ("TIA"), 28 U.S.C. §1341, and comity.

Testa asserts that the TIA explicitly bars federal district courts from entertaining jurisdiction over challenges to state systems of taxation. (ECF No. 7 at 4). 28 U.S.C. §1341

provides, "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Supreme Court has held that the TIA deprives district courts from issuing declaratory as well as injunctive relief. *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982). Testa further asserts that the comity rule bars this Court from interfering with Ohio's taxing policies. (ECF No. 7 at 6). The Supreme Court provided a statement of the law regarding comity in *Levin v. Commerce Energy, Inc.*:

> The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects
>
>> "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Fair Assessment*, 454 U.S., at 112, 102 S.Ct. 177 (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)).
>
> Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity. For "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Dows v. Chicago*, 11 Wall. 108, 110, 20 L.Ed. 65 (1871).

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010). Testa contends that Ohio code provides the type of "plain, speedy, and efficient" remedy that bars jurisdiction under the TIA and comity. (ECF No. 7 at 7-10).

Diversified argues that federal courts consistently have found that the TIA and comity doctrine do not bar a threshold determination of whether a state has jurisdiction to impose the taxes it seeks to collect. (ECF No. 10 at 6 (citing *McClanahan v. State Tax Comm'n of Arizona*, 411 U.S. 164 (1973); *Dep't of Employment v. United States*, 385 U.S. 355, 357-58 (1966);

- 3 -

*Seminole Tribe of Florida v. Stranburg*, 799 F.3d 1324, 1343-44 (11th Cir. 2015)). Diversified argues that no provision in Ohio tax statutes allows Testa or the state tax commission to consider as a threshold issue Testa's lack of taxing jurisdiction. (ECF No. 10 at 8 (citing O.R.C. 5703.60; 5717.02-04; 5751.096)). Diversified claims that the procedure of submitting to jurisdiction before the Tax Commissioner, filing a petition for reassessment through which an administrative hearing may be requested, and then appealing to the Ohio Board of Tax Appeals, all presume jurisdiction and have no authority to review any constitutional issues such as jurisdiction. (ECF No. 10 at 8-9 (citing *L.L. Bean, Inc. v. Levin*, 2014 WL 1155674, at *3 (Ohio Bd. Tax. App. March 6, 2014)).

Similarly, Diversified contends that the comity doctrine does not mandate dismissal of this action. Diversified argues that "[i]f this Court declines to determine threshold jurisdictional question, Diversified will have to appear before the Defendant for an initial determination, a 'reassessment' of that determination by Defendant, a final determination of Defendant in a hearing before the Ohio Tax Board, and then appeal either to the Ohio Court of Appeals or the Ohio Supreme Court. Only then may Diversified possibly obtain a ruling on Ohio's taxing jurisdiction." (ECF No. 10 at 9). Diversified argues that "[t]his procedural quandary effectively strips, or at least threatens Diversified's resources and federal immunity from taxation that is beyond federal jurisdictional limits." (ECF No. 10 at 9).

First, the Court holds that the cases cited by Diversified do not support its proposition that federal courts routinely make determinations regarding state taxing authority. In *McClanahan,* the Supreme Court addressed "the context of Arizona's efforts to impose its personal income tax on a reservation Indian whose entire income derives from reservation sources." *McClanahan*, 411 U.S. at 165. Likewise, the Eleventh Circuit in *Seminole Tribe of*

*Florida v. Stranburg* addressed Florida's Rental Tax on the Seminole Tribe of Florida's casinos. Further, the *Dep't of Employment v. United States* is not on point because it addresses the applicability of the TIA and comity to federal instrumentalities, such as the Red Cross. The Supreme Court held that the TIA "does not act as a restriction upon suits by the United States to protect itself and its instrumentalities from unconstitutional state exactions." *Dep't of Employment*, 385 U.S. at 358. Unlike in the cases cited by Diversified, Diversified enjoys no special status as an independent sovereign government or as an arm of the federal government.

Rather, the Court holds that the TIA and the comity doctrine preclude action in this case. First, this Court lacks jurisdiction over Diversified's claim based upon the TIA. The Court holds that there exists a plain, adequate, complete, speedy and efficient remedy exists under Ohio state law. *Cf.* Compl., ¶43 (alleging that no adequate remedy at law exists); *see* 28 U.S.C. §1341 ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *Matthews v. Rodgers*, 284 U.S. 521, 526 (1932) (Applying principles of comity, the Supreme Court has explained that "[i]f the [state] remedy at law is plain, adequate, and complete, the aggrieved party is left to that remedy in the state courts[.]"). The overall purpose of the TIA is consistent with the view that the "plain, speedy and efficient remedy" exception to the Act's prohibition was only designed to require that the state remedy satisfy certain procedural criteria[.]" *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981). Under Ohio law, jurisdiction over challenges to the CAT should be made initially and exclusively with the Tax Commissioner. *See* O.R.C. 5751.09; O.R.C. 5703.60. Upon assessment issued by the Commissioner—which has not even occurred in this case—the taxpayer may file a "petition for reassessment" which allows the taxpayer to request an administrative hearing. O.R.C.

5751.09(A); 5703.60(A)(3). After the hearing, the taxpayer may then appeal a Final Determination issued by the Commissioner to the Ohio Board of Tax Appeals ("BTA"). O.R.C. 5717.02. The BTA's decision may be further appealed to an Ohio court of appeals or directly to the Ohio Supreme Court, then to the United States Supreme Court. O.R.C. 5717.04; U.S. Constitution, Article III. Constitutional issues may be adjudicated on appeal before the Ohio Supreme Court, which meets the adequacy requirement cited in *Rosewell*, 450 U.S. 503. Diversified has not rebutted this evidence that it has a plain, adequate, complete, speedy and efficient remedy exists under Ohio state law, nor has it shown that its federal rights would be impaired if this Court did not hear its claims for declaratory and injunctive relief. (ECF No. 7 at 9 (citing *Matthews*, 284 U.S. at 525-26)). Like the respondents in *Levin*, Diversified seeks "federal-court review of commercial matters over which Ohio enjoys wide regulatory latitude; their suit does not involve any fundamental right or classification that attracts heightened judicial scrutiny." *Levin*, 560 U.S. at 431. Diversified contends that this statutory framework "at least threatens Diversified's resources and federal immunity," but it is clear that the state review procedure provides Diversified ample opportunity to appeal the tax assessment, as well as the constitutionality of the imposition of that assessment. Because there is a plain, adequate, complete, speedy and efficient remedy under Ohio state law, the Court holds that the TIA precludes Diversified's action in this Court.

Likewise, the Court holds that this Court lacks jurisdiction under the comity doctrine. In *Levin v. Commerce Energy, Inc.*, the Supreme Court addressed "the question whether a federal district court may entertain a complaint of allegedly discriminatory state taxation, framed as a request to increase a commercial competitor's tax burden." 560 U.S. 413, 417 (2010). The Supreme Court held that "the comity doctrine applicable in state taxation cases restrains federal

courts from entertaining claims for relief that risk disrupting state tax administration." *Id.* at 417. Based upon this Supreme Court precedent and the complex tax review procedure outlined above, the Court holds that Ohio's courts are better equipped to determine the constitutionality of the CAT. As noted by Testa, the Ohio administrative forums and courts have already adjudicated several challenges to the constitutionality of the CAT, and are specially equipped to decide the questions at issue in this case. See *Ohio Grocers Assn. v. Levin*, 916 N.E.2d 446 (2009); *Beaver Excavating Co. v. Testa*, 983 N.E.2d 1317 (2012). The Court dismisses this action for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Standing, Lack of Subject Matter Jurisdiction, and Failure to State a Claim (ECF No. 5) is **GRANTED**. Plaintiffs' claims are dismissed with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 19th day of May, 2016.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**